# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**BOBBY HEIDELBERG**                                                                       **PETITIONER**

**VERSUS**                                      **CIVIL ACTION NO. 2:06cv149KS-MTP**

**JOHN DOE**                                                                             **RESPONDENT**

## **MEMORANDUM OPINION**

On June 5, 2006, the petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and requested in forma pauperis status. On June 19, 2006, an order was entered directing the petitioner to file an amended petition, within twenty days. The petitioner was warned that his failure to timely comply with any order of this Court would result in the dismissal of this case. The petitioner failed to comply with this order.

On August 1, 2006, an order was entered directing the petitioner to show cause why this case should not be dismissed for his failure to comply with the Court's June 19, 2006 order. The petitioner was directed to file his response and his amended petition, within fifteen days. The petitioner was warned that his failure to timely comply with any order of this Court would result in the dismissal of this case. The petitioner failed to comply with this order.

On September 6, 2006, a second order to show cause was entered. The petitioner was directed to show cause why this case should not be dismissed for his failure to comply with the Court's orders of June 19, 2006 and August 1, 2006. The petitioner was directed to file his response and his amended petition, within fifteen days. The petitioner was warned that his failure to timely comply with any order of this Court would result in the dismissal of this

case.  The petitioner failed to comply with this order

This Court has the authority to dismiss an action for the petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  Link, supra, 370 U.S. at 630.

Accordingly, this case will be dismissed for petitioner's failure to comply with three court orders.  Since the Court has never considered the merits of petitioner's claims, this case will be dismissed without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion will be entered.

This the 10th day of  October, 2006.


*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE